Citation Nr: 1518740 
Decision Date: 04/29/15 Archive Date: 05/05/15

DOCKET NO. 13-22 506 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO) 
in Muskogee, Oklahoma


THE ISSUE

Entitlement to a rate of payment in excess of 90 percent of the maximum amount payable for educational assistance under the provisions of Chapter 33, Title 38, United States Code (Post-9/11 GI Bill).



ATTORNEY FOR THE BOARD

C. L. Wasser, Counsel


INTRODUCTION

The appellant is the dependent daughter of a Veteran, and she has received a transfer of 18 months of his Chapter 33 educational benefits.

The Veteran was on active duty from July 1987 to February 1993, with additional periods of service in the Army National Guard. 

This case comes to the Board of Veterans' Appeals (Board) on appeal from an October 2012 decision by the RO in Muskogee, Oklahoma that determined that the appellant was entitled to 90 percent of the maximum amount payable for educational assistance under the provisions of Chapter 33. She appealed the payable rate that was assigned, and asserts that she is entitled to 100 percent.

The record before the Board consists of the appellant's education folder.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

Effective August 1, 2009, individuals who served on active duty after September 10, 2001, and who meet certain eligibility requirements, may receive educational assistance under 38 U.S.C. Chapter 33 (Post-9/11 GI Bill). See 38 U.S.C. §§ 3301 et al.; 38 C.F.R. §§ 21.9500, 21.9520. 

An individual entitled to educational assistance under 38 U.S.C. Chapter 33 based on his or her own active duty service, and who is approved by a service department to transfer entitlement, may transfer up to a total of 36 months of his or her entitlement to a dependent (or among dependents). 38 C.F.R. § 21.9570. The appellant is the dependent daughter of a Veteran, and she has received a transfer of 18 months of his Chapter 33 educational benefits.

The amount of educational assistance payable under 38 U.S.C.A. Chapter 33 is calculated in accordance with a table measuring the aggregate length of creditable active duty service after September 10, 2001. 38 C.F.R. § 21.9640 (2014). The rate is 100 percent with at least 36 months of creditable active duty service or with at least 30 continuous days of creditable active duty service and a discharge due to a service-connected disability. 38 U.S.C.A. §§ 3311, 3313 (West 2014); 38 C.F.R. § 21.9640 (a) (2014).

For purposes of Chapter 33 eligibility, active duty means full-time duty in the regular components of the Armed Forces or under a call or order to active duty under 10 U.S.C.A. §§ 688, 12301(a), 12301(d), 12301(g), 12302, or 12304 (West 2014). 38 C.F.R. § 21.9505. As pertinent to this case, active duty does not include full-time National Guard Duty performed under 32 U.S.C. orders. 38 C.F.R. § 21.9505 (2014). 

The Veteran's service from December 7, 2003 to February 27, 2005, April 16, 2008 to June 21, 2009, and May 15, 2010 to October 28, 2010, are qualifying periods of active service for Chapter 33 eligibility. These periods total at least 30 months, but less than 36 months. That service equates to a 90 percent rate of Chapter 33 benefits, which is the currently assigned rate. 38 U.S.C.A. §§ 3311, 3313; 38 C.F.R. § 21.9640 (a).

The RO has indicated that the Veteran had periods of Active Duty for Special Work (ADSW) from March 21, 2005 to September 30, 2005, and October 1, 2005 to February 23, 2006. In the statement of the case, the RO said that the Department of Defense (DoD) does not recognize these periods of ADSW service under Title 32 authority as creditable service for Chapter 33 benefits. 

The appellant contends that the Veteran's periods of service from March 21, 2005 through September 30, 2005, and from October 1, 2005 through February 23, 2006 should be considered as qualifying service for her Chapter 33 benefits, and that she is therefore entitled to the 100 percent rate. 

The Veteran was not deployed overseas during the March 21, 2005 to September 30, 2005, or October 1, 2005 to February 23, 2006 periods of service. The file contains two DD Forms 214 for these periods, which each reflect that he served in the Army National Guard and was released from ADSW.

The appellant has indicated that the Veteran was stateside during both periods. She stated that from March to September 2005, he was recovering equipment and helicopters, and from October 2005 to February 2006, he was deployed to respond to Hurricane Katrina/Rita. She said that during the first period, while he was still on duty recovering equipment and preparing a unit to deploy, Hurricane Katrina struck, and after his initial orders ran out, he was ordered back to active duty to deal with the hurricane and its aftermath.

Remand is required because relevant documentation from DoD is missing from the record before the Board and must be obtained prior to appellate review. 

Specifically, in February 2013, the RO requested information from DoD regarding the Veteran's qualifying periods of service for Chapter 33 benefits, including the March 21, 2005 to September 30, 2005, and October 1, 2005 to February 23, 2006 periods of service. In response, the DoD merely stated that this query had been answered in February 22, 2013, and advised the RO to use that reply. The Board notes that the February 2013 DoD response is not on file, and must be obtained, along with copies of the Veteran's duty orders for these two periods of service. 

Moreover, the RO should ask DoD to indicate the purpose for which the Veteran's duties under ADSW were performed, i.e., operational, support, or training. 

Accordingly, the case is REMANDED for the following action:

1. Contact the appellant and ask her to submit copies of the Veteran's duty orders for his periods of service from March 21, 2005 to September 30, 2005, and October 1, 2005 to February 23, 2006, and if they are obtained, associate them with the education file.

2. Obtain a copy of the February 22, 2013 DoD response to VA's prior inquiry regarding the Veteran's service and associate it with the education file.

3. Contact DoD and/or the appropriate military authority to request information as to the Veteran's eligibility for Chapter 33 educational assistance benefits. All requests should be documented, as well as any responses, negative or positive, and the AOJ must ensure that it completes the following steps in making its request: 

(a) Ask DoD and/or the appropriate military official to state whether the Veteran's service from March 21, 2005 to September 30, 2005, and/or October 1, 2005 to February 23, 2006 was ADSW and the purpose for which the Veteran's duties under ADSW were performed, i.e., operational, support, or training. 

(b) DoD should be asked to indicate the authority under which the Veteran's duty orders were issued (i.e., Chapter 10, Chapter 32, etc.) Ask DoD to provide the VA copies of any information/files in its possession used to make this determination. Copies of his duty orders for these periods should be obtained. 

4. After undertaking any other development deemed appropriate the AOJ should make a finding as to the type of service involved in these two ADSW periods, and readjudicate the issue on appeal. If the benefit sought is not granted, the appellant should be furnished with a supplemental statement of the case and afforded an opportunity to respond before the record is returned to the Board for further review.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
K. PARAKKAL 
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).